**WEI HONG LIN, You Quan Lin, Petitioners,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–1305–ag.**

United States Court of Appeals, Second Circuit.

Feb. 28, 2008.

Lin Li, Law Offices of Fengling Liu, New York, New York, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Civil Division; Lisa M. Arnold, Senior Litigation Counsel; Song Park, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. ROSEMARY S. POOLER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Wei Hong Lin ("Mrs. Lin") and her husband You Quan Lin ("Mr. Lin"), natives and citizens of the People's Republic of China, seek review of a March 8, 2007 order of the BIA affirming the July 25, 2005 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons, denying their applications for asylum, withholding of removal, and relief under the Convention

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Against Torture ("CAT"). *In re Wei Hong Lin, You Quan Lin,* Nos. A95 673 442, A98 903 363 (B.I.A. Mar. 8, 2007), *aff'g* Nos. A95 673 442, A98 903 363 (Immig. Ct. N.Y. City Jul. 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

We conclude that the IJ's adverse credibility finding is supported by substantial evidence. The IJ properly based that finding on Mrs. Lin's inability to recall certain facts about her alleged forced abortions, as well as her vague testimony and unresponsive demeanor. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152 (2d Cir.2003)(holding that where an applicant gives spare testimony, the fact-finder may fairly wonder whether the testimony is fabricated), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc); *see also Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005) (holding that particular deference should be given to the

trier of fact's judgments with respect to demeanor).

The IJ also noted specific inconsistencies in further support of her adverse credibility finding: (1) Mrs. Lin said in both her airport and credible fear interviews that she fled China because of difficulties she faced as a prostitute, while her asylum application alleged for the first time that she had suffered two forced abortions; and (2) there were discrepancies between Mrs. Lin and Mr. Lin's testimony about the physical description of the clinic and whether or not they were accompanied by a friend when they went to the clinic to confirm that Mrs. Lin was pregnant. The first inconsistency supports the IJ's finding because it casts doubt on the reason she left China for this country in the first place. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 398 (2d Cir.2005) (holding that it is reasonable for the agency to base its credibility finding "on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of his asylum claim with two entirely different responses."); *see also Secaida–Rosales v. INS,* 331 F.3d 297, 308–9 (2d Cir.2003). The discrepancies between Mrs. and Mr. Lin's testimony are also material as to the question of whether Mrs. Lin was subjected to forced abortions, and it was not error for the IJ to consider their cumulative effect in making her adverse credibility determination. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

While the IJ's observation that Mrs. Lin failed to give the "correct answer" with regard to the physical effects of her abortions may be a finding beyond the bounds of "common sense and ordinary experience," *see Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007) and may, therefore, be error, the supposed error here does not require a different result. Remand would be futile in this case because we can "confi-

dently predict" that the IJ would reach the same decision in the absence of the alleged error. *Xiao Ji Chen v. U.S. Dept. of Justice,* 471 F.3d 315, 339 (2d Cir. 2006). The other evidence in the record regarding inconsistencies and demeanor provides sufficient support for her adverse credibility finding. As such, the denial of asylum was appropriate.

To the extent that petitioners withholding of removal and CAT claims were based on Mrs. Lin's alleged forced abortions, the adverse credibility finding in this case necessarily precludes success of those claims. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). To the extent that those claims were based on petitioners' illegal departure from China, we agree with the agency that they provided insufficient evidence to support this claim. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003)

Finally, we decline to consider petitioners' claim that they will face persecution based on their two U.S.-born children where that claim has not been presented to the agency in the first instance. *See* 8 U.S.C.A. § 1252(b)(4)(A); *Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 262 (2nd Cir.2007) (declining to remand where "the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.